AO 91 (Rev. 11/11) Criminal Complaint

| | | |
|---|---|---|
| AUSA: | Kathryn Boyles | Telephone: (313) 226-9100 |
| Special Agent: | Andrew Erber | Telephone: (513) 800-5125 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Sarmad RAFI

Case No. 25-30026

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __1/27/2025__ in the county of __St. Clair__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 554 | Smuggling Goods from the United States |
| 18 U.S.C. § 1001 | False Statements |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Andrew Erber, Special Agent (HSI)
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: January 29, 2025

_____
Judge's signature

City and state: Detroit, Michigan

Kimberly G. Altman, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Andrew Erber, declare the following under penalty of perjury:

1. I am a Special Agent employed by the United States Department of Homeland Security, Homeland Security Investigations (HSI), in Detroit, Michigan. I have been a Special Agent with the Detroit Special Agent in Charge (SAC) Office since July of 2022. I previously served as a U.S. Border Patrol Agent since June of 2016. I have successfully completed the Homeland Security Investigations Special Agent Training Course at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. This affidavit is submitted for the limited purpose of establishing probable cause that Sarmad RAFI, a native and citizen of Canada, violated Title 18, United States Code, Section 554(a), which prohibits smuggling goods from the United States, and Title 18, United States Code, Section 1001(a)(2), making false statements.

3. The information contained in this affidavit is based upon my personal knowledge and observations, my training and experience, conversations with other law enforcement officers and witnesses, and a review of documents and records. I have not included every fact known to law enforcement related to this investigation.

## PROBABLE CAUSE

4. Sarmad RAFI is a citizen of Canada who resides in London, Ontario. Around January 2025, Homeland Security Investigations in Detroit, Michigan (HSI Detroit) received information that RAFI attempted to purchase seventeen fully automatic M16 weapons parts online from a company in the United States and requested that the parts be shipped to a parcel pickup business called "SCC Parcel Pickup" located in Port Huron, Michigan.

5. SCC Parcel Pickup is advertised as a Canadian-American package pickup location. Based on my training and experience, it is common for people residing in Canada, and elsewhere, to use businesses like SCC Parcel Pickup to make purchases in the United States and have these purchase shipped to a

United States-based address before picking the packages up themselves or having the packages re-shipped to their overseas address. Canadian citizens who pick up parcels and leave the United States must truthfully declare all merchandise at the port-of-entry to comply with federal export laws.

6. On January 6, 2025, HSI Detroit Special Agents obtained records for RAFI, with customer account 47562, from SCC Parcel Pickup in Port Huron, Michigan. These records included a list of packages received at SCC Parcel Pickup for RAFI. This list showed that fifteen packages were received at SCC Parcel Pickup between December 27, 2023, and December 30, 2024. Thirteen packages appear to have been retrieved and two were currently waiting to be picked up at SCC Parcel Pickup. By January 13, 2025, RAFI had seven packages awaiting pickup at SCC Parcel Pickup.

7. HSI Special Agents also obtained records from each business that shipped the seven packages to SCC Parcel Pickup. These records showed that RAFI purchased firearm components and accessories. Among the firearm components, there was:
    - Seven 3D Printed Pistol Frame Parts Set (FMDA DDXX.2 Glock Compatible), totaling $2,029.93
    - 10.5-inch complete 5.56 pistol upper receiver with flash can
    - VZ 61 Scorpion Parts Kit Complete Parts Kit, unissued with U.S. Made Barrel, 20 round Magazine, Holster and Cleaning Kit
    - Endcap/Adapter with stock interface for GHM9/45
    - 7 round Shotgun Card for 12-Gauge shells
    - Night vision goggle mount adapter for a helmet
    - Various pins, springs, and AR style upper receiver components.

8. On January 27, 2025, RAFI entered the United States from Canada through the Blue Water Bridge port-of-entry at Port Huron, Michigan driving a silver 2014 Volkswagen Jetta bearing Ontario license plate CVYF901. HSI Special Agents conducted surveillance of RAFI in his vehicle, observed him drive to SCC Parcel Pickup in Port Huron, Michigan, and saw him leave the business with several packages in his arms. RAFI placed the packages inside the trunk of his vehicle and drove away from the business. HSI Special Agents continued surveillance, and observed RAFI enter "The Hock Shop &

Sporting Center," a business in Port Huron, Michigan. About thirty minutes later, HSI Detroit Special Agents observed RAFI leaving the business with a bag and a piece of paper. After RAFI left the shop and returned to his vehicle, HSI Detroit Special Agents obtained a receipt from The Hock Shop showing that RAFI purchased one thousand rounds of .22 caliber ammunition.

9. HSI Detroit Special Agents continued surveillance as RAFI drove back to the Blue Water Bridge port-of-entry in Port Huron, Michigan to leave the United States for Canada. Customs and Border Protection (CBP) stopped RAFI and conducted an outbound inspection. During the inspection, a CBP officer completed an outbound declaration by asking RAFI if he had any weapons, firearms, ammunition, drugs or large amounts of currency (over $10,000) in his possession to declare. RAFI claimed he did not possess any of those items.

10. CBP directed RAFI's vehicle to the secondary inspection area to conduct an outbound border search. Upon inspection of RAFI's vehicle, law enforcement officers found seven packages in the trunk of the vehicle. The contents of the seven packages matched the records of the firearm components and accessories that RAFI purchased and shipped to SCC Parcel Pickup. Specifically, agents seized: seven 3D Printed Pistol Frame Parts Set (FMDA DDXX.2 Glock Compatible); a 10.5-inch complete 5.56 pistol upper receiver with flash can; VZ 61 Scorpion Parts Kit Complete Parts Kit, unissued with U.S. Made Barrel, 20 round Magazine, Holster and Cleaning Kit; Endcap/Adapter with stock interface for GHM9/45; 7 round Shotgun Card 12Gauge shells; Night vision goggle mount adapter for a helmet; and various pins, springs, and AR style upper receiver components. Agents also seized two boxes of ammunition, each containing five hundred rounds, from the trunk of RAFI's vehicle, which matched the items listed in the receipt from The Hock Shop.

11. Based on my training and experience, RAFI knowingly attempted to export ammunition and firearm components from the United States to Canada in violation of several federal export control laws.

12. HSI Detroit Special Agents interviewed RAFI at the port-of-entry after providing him with *Miranda* warnings verbally and in writing. HSI Detroit Special agents asked RAFI whether he had any outbound merchandise to declare. Initially, RAFI stated that he purchased milk, cherry coke, popcorn, and Dunkin' Donuts. Later in the interview, RAFI admitted that he picked up parcels from SCC Parcel Pickup in Port Huron, Michigan to bring back to Canada. When agents asked RAFI why he did not declare the packages found in the trunk of his vehicle, RAFI claimed that he did not declare the packages because he did not want to pay a duty fee. When agents asked RAFI to describe the contents of the packages, he claimed that the parcels contained gun parts and accessories. When asked why he did not declare the 1,000 rounds of ammunition that he purchased, RAFI stated that he knew it was against the law.

## CONCLUSION

13. Based on the above information, I believe there is probable cause to conclude that Sarmad RAFI fraudulently or knowingly exported or sent, from the United States, or attempted to export or send from the United States any merchandise, article or object, to wit: firearm components and ammunition, contrary to any law or regulation of the United States, in violation of 18 U.S.C. § 554(a), and willfully and knowingly made a materially false, fictitious, and fraudulent statement and representation to

14. United States federal agents about his export declarations to unlawfully smuggle firearm components and ammunition from the United States, in violation of 18 U.S.C. § 1001(a)(2).

_____
Andrew Erber, Special Agent
Immigration & Customs Enforcement
Homeland Security Investigations

Subscribed and sworn to before me
in person or by other reliable means

_____
Honorable Kimberly G. Altman
United States Magistrate Judge

Dated: _____January 29, 2025_____